STATE OF MAINE                                     SUPERIOR COURT
PENOBSCOT, SS.                                     Docket No. CV-00-31

FILED AND ENTERED
SUPERIOR COURT

FEB 2 8 2001

PENOBSCOT COUNTY

JLH - PCV - 2/ac/2001

Jay McLaughlin et al.,
          Plaintiffs

          v.                              **DECISION AND JUDGMENT**

Michael Sulinski d/b/a Mike's Pool Service,
          Defendant

A default was entered against the defendant on May 16, 2000. The resulting hearing on damages was held on February 15, 2001. At the damages hearing, plaintiff Jay McLaughlin, the defendant and counsel for the parties were present.

The scope of the defendant's liability is established by his default to the complaint. Thus, to the extent that the plaintiffs have proven their damages, the defendant is liable for damages associated with the defective performance as described in paragraph 7 of the complaint.

Damages must be established to a probability. Merrill Trust Co. v. State, 417 A.2d 435, 441 (Me. 1980). Damages are not recoverable if they are uncertain, contingent or speculative. Down East Energy Corp. v. RMR, Inc., 1997 ME 148, ¶ 7, 697 A.2d 417, 420. In a contract case, the purpose of compensatory damages is to put the nonbreaching party in the same position as if there had been no breach. Down East Energy Corp. v. RMR, Inc., 677 A.2d 1070, 1073 (Me. 1996).

The defendant's work was defective in two general ways: he failed to take steps to clean the tile after installation, resulting in a film that now

1

covers the floor; and there were problems with the grout and the installation of tile in a number of particular areas (such as around the pool, against the base of the wall, near a hot tub, etc.). The plaintiff's expert testified that the cost to remove and replace the existing tilework would be $25,156. That amount cannot be awarded to the plaintiffs, however, unless rectification of the defendant's defective performance requires the removal and replacement of the floor he installed.

Even according to the plaintiffs' expert, it is unclear whether the film on the tile floor could be cleaned off the existing surface. According to the defendant's expert, application of cleaning agents will cure that problem, and the cost of that work would not exceed $1,000. From this evidence, the plaintiff has failed to prove, and the court cannot find, that removal and replacement of the entire floor is necessary as a remedy. The plaintiff is therefore entitled to compensatory damages of $1,000 for the defendant's failure to properly clean the floor.

The plaintiffs presented no evidence of the cost to fix the defective installation of grout and tile in specific areas of the pool area. Obviously, it would cost something to remove those tiles and the tiles in surrounding area necessary to gain access to the problem areas, and to install replacement tiles correctly. The record evidence, however, does not provide a basis to determine the cost of this work, which would be only a portion of the project on which the plaintiffs' expert provided an estimate. Thus, the plaintiffs have not proved their damages on this part of their claim.

The entry will be:

2

For the reasons set out in the order dated February 28, 2001, judgment is entered for the plaintiffs and against the defendant in the amount of $1,000, plus interest at the statutory rate and their costs of court.

Dated:    February 27, 2001

_____
JUSTICE, SUPERIOR COURT

Date Filed __2/14/00__ ___PENOBSCOT___ Docket No. __CV-2000-31__
County

Action ___CIVIL - CONTRACT___

JAY MCLAUGHLIN and
ELLEN MCLAUGHLIN

vs.

MICHAEL SULINSKI d/b/a
MIKE'S POOL SERVICE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PATRICK E HUNT ESQ<br>P O BOX 130 - 19 SHERMAN STREET<br>ISLAND FALLS MAINE 04747 | Donald F. Brown, Esq.<br>6 State Street, Suite 308<br>Bangor, Maine  04401 |

| Date of Entry | |
|---|---|
| 2/14/00 | Complaint filed. |
| 2/14/00 | Officer's Return of Service filed.  (s.d. 2/7/00 by Deborah Sulinski) |
| 2/16/00 | Copy of Complaint forwarded to Office of the Attorney General, State House Station #6, Augusta, Maine 04333. |
| 2/16/00 | Case File Notice Postcard forwarded to Plaintiff's Counsel. |
| 5/16/00 | Affidavit and Request for Default and Default Judgment filed by Plaintiff. |
| 5/16/00 | DEFAULT Entered as to Defendant Michael Sulinski d/b/a Mike's Pool Servic /s/Margaret Costian, Assoc. Clerk.  Copy forwarded to Plaintiff's Attorney |
| 6/30/00 | Attorney and defendant notified of hearing on damages scheduled on the Backup Jury Waived Trial List for 8/14 - 30 & 9/11 - 9/21, 2000 before Justice Jeffrey L. Hjelm.  Copy of Trial List mailed this date. |
| 8/10/00 | Notice of Hearing filed.  Hearing on Damages set for August 18, 2000 at 9:30 a.m. before Justice Jeffrey L. Hjelm.  Copy forwarded to Plaintiff's Counsel; Defendant Michael Sulinski at the address of Rooks Road, East Eddington, Maine 04428. |
| 8/14/00 | Motion for Continuance Rule 40(b) of the Maine Rules of Civil Procedure filed by Plaintiff. |
| 8/14/00 | Request for Hearing on Motion for Continuance filed by Plaintiff. |
| 8/14/00 | Upon Motion for Continuance Rule 40 (b) of the Maine Rules of Civil Procedure, Motion MOOT - Aroostook County hearing has been rescheduled to eliminate conflict.  (Hjelm, J) Copy forwarded to Plaintiff's Counsel; |